STATE OF MISSOURI, Respondent, *vs.* THOMAS J. BEAZLEY, Appellant.

1. *Foreign fire insurance agents doing business in this State not compelled to obtain licenses.*—Since the passage of the Insurance act of 1869, (Wagn. Stat.,732) an agent of a foreign fire insurance company, doing business in this State, is not liable to the penalty fixed by the statute (Wagn. Stat., Art. IV, p. 781, § 4) for failing to procure a State license. § 44, Art. III, of the act of 1869, (Wagn. Stat., 777-8) requiring the payment into the Insurance Department of certain fees and dues in lieu of other taxes, etc., embraced in its operation foreign as well as domestic companies doing business in this State, and had the effect of repealing Art. IV, so far as it required the procurement of State licenses by foreign companies. But such companies will continue liable under Art. IV, for fees, licenses and taxes for county and municipal purposes.

*Appeal from Chariton Circuit Court.*

*Gage & Ladd,* for Appellant.

*John A. Hockaday, Attorney-General,* for State.

*Kinley & Kinley,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted in the name of the State by the prosecuting officer of Chariton county, in October, 1873, to recover the penalty fixed by section 8, article 4, of chapter 76, Wagn. Stat., for acting as agent of a foreign fire insurance company, without having first filed a statement and obtained a license.

There were three counts in the petition based upon the violation of the statute for three different years.

The defendant demurred to the petition, and the demurrer was overruled, and, the defendant refusing to answer over, judgment was rendered against him, and the penalty of five hundred dollars was assessed on each count, one-half for the benefit of the State and the other half to the county.

The only question is whether the section under which the proceeding was instituted was repealed or modified by the subsequent act, organizing the insurance department.

The insurance law, adopted by the Legislature, and approved March 10th, 1869, covered the whole subject in refer-

State v. Beazley.

ence to insurance matters, except that the power of counties and municipal corporations to tax insurance companies, as contained in chapter 90 of the general statutes, was still retained.

The section in respect to taxation (Wagn. Stat., Art. IV, p. 779) provides that " all agencies of foreign insurance companies doing fire, river or marine insurance within this State, shall on or before the first day of February in each and every year, deposit with the assessor of the county, and also of the city in which the office or agency of such company is located, a statement, verified by the oath of the agent of the foreign company, specifying the gross amount (after deducting all return premiums) of premiums received for insurance by such company or agent during the preceding year, up to the first of January immediately preceding such deposit of such statement, or for such fractional part of the year that such company or agency may have been doing business in the State." (§ 1.)

The third section then provides that such gross amount of premiums, so received in the county and city in which the office of the agency is located, shall be subject to the levy and payment of such taxes of every kind, as other property is subject to for State, county and municipal purposes, which taxes shall be paid by such agent to the respective collectors within the time required by law for the payment of the general taxes.

By the fourth section it is declared, that upon the agent or agents of any foreign insurance company depositing with the assessor the verified statement required, and complying with the other provisions of the law, the clerk of the County Court of the county in which such agency is located, shall issue to him or them a license in the name of the State, for carrying on the business of his or their agency for the space of one year, which license, if demanded, shall be renewed from year to year.

The eighth section provides that any agent of any insurance company, not incorporated by the Legislature of the State,

who shall neglect to comply with the law as embodied in the foregoing sections, or who shall neglect or refuse to take out the required license, shall forfeit and pay the sum of five hundred dollars for each offense, and it is made the duty of the collector of the county in which the office of the agency is located, to prosecute for the recovery of the forfeiture in the name of the State, to the use of the county and State in equal proportions.

These were the essential provisions of the law in respect to licensing and taxing foreign insurance companies before the passage of the present act on insurance. (1 Wagn. Stat., 732.) They still prevail unless altered or repealed by this last named act. As this was the case of a fire insurance company, the third article applies to it.

The first section of the article says, that any number of persons not less than thirteen in number, a majority of whom shall be citizens of this State, may associate and form an incorporation, association or company for the following purposes, to-wit: First, to make insurance on houses, buildings, merchandise, furniture, and all other kinds of property against loss or damage by fire, etc. The section then enumerates other kinds of insurance in which the companies may engage. Provision is made for the regulation and mode of procedure of these companies, and in a subsequent part of the article the matter of foreign insurance companies is treated of.

The forty-fourth section of the article then declares: "All companies doing business in this State under either of the classes or divisions of insurance business named in the first section of this act, or any part thereof, shall pay into the Insurance Department of the State all the fees and dues as required by the provisions of this act, which shall be in lieu of all fees, dues or taxes to be collected for the benefit of the State under existing laws; but such companies shall, in all other respects, be subject to all existing laws relating to fees, licenses and taxation for county or municipal purposes."

The forty-fifth section of the act provides, that any agent or agents of any insurance company, who shall neglect or re-

fuse to comply with the requirements of the last preceding section, shall forfeit and pay the sum of two hundred dollars which may be sued for and recovered in the name of the State to the use of the county school fund; and the forty-sixth section repeals all parts of the general statutes, relating to the business mentioned in the first section above referred to, as to companies transacting such business, so far as they are inconsistent with the last mentioned act.

The construction placed upon the forty-fourth section must determine this controversy. That section, if it applies to the company that the defendant represents, adopts a different rule from that under which this prosecution was had, and must necessarily lead to a reversal of the case. It provides that all companies doing business in this State under either of the classes or divisions named in the first section, shall pay into the Insurance Department certain fees in lieu of others previously collected by the State, and the taxes to counties and municipalities shall be the same as had previously been paid.

Defendant's company was doing the business specified under one of the classes or divisions of the first section, but it is insisted that that section only applies to home companies or associations formed under its provisions. But the forty-fourth section says, "all companies doing business in this State," not companies organized under the laws of the State. The defendant's company, though a foreign company, was "doing business in this State," and, therefore, is properly included within the scope of the section. If there was any doubt as to this construction, it is certainly removed by reference to section 31 of the act, which makes the legislative intent very plain. That section declares that every company doing the business mentioned in the first section of the act, or any part thereof, in this State, shall pay to the superintendent of the insurance department the following fees, which shall go to the support of said department: For filing the declaration required by this act on the organization of companies or associations, $50; for filing statement and certified copy of the charter required of companies not organized under the laws of this

State, $50; for filing supplementary, annual statement, $25, etc. Here the same language is employed as in the forty-fourth section, the words being "every company doing the business mentioned in the first section of the act," and the subsequent provisions of the section show that all companies are embraced, whether home or foreign, that are doing the business designated in this section.

It results, therefore, that this proceeding was unauthorized so far as a forfeiture or penalty on the part of the State was concerned. The companies are still liable under the provisions of Art. IV, for all fees, licenses and taxation for county and municipal purposes, according to the forty-fourth section of Art. III, which modifies the section under which the proceeding was instituted.

It follows that the judgment must be reversed and the cause remanded. The other judges concur.